UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JONATHAN EUGENE LOPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:14-CR-80-TAV-HBG-1 |
| | ) | 3:16-CV-422-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 40]. He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on August 1, 2016 [Doc. 41]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons that follow, the petition [Doc. 40] will be **DENIED** and **DISMISSED WITH PREJUDICE.**

**I.   BACKGROUND**

In 2015, Petitioner pled guilty to, and was subsequently convicted of, two counts of distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) [Doc. 35]. Based on a total offense level of thirty-nine and criminal history category of III, the United States Probation Office calculated his Guideline range as 324 to 405 months' imprisonment [Presentence Investigation Report ("PSR") 27–41, 45–48, 68]. Petitioner was assigned two criminal history points based on a prior Tennessee conviction for attempted aggravated sexual battery, and an additional two criminal history points because he committed the instant offense

while on probation for that offense [*Id.* ¶¶ 45, 47]. On August 12, 2015, this Court imposed a 324-month sentence [Doc. 35]. No direct appeal was taken and, on June 30, 3016, Petitioner submitted the instant § 2255 motion challenging his sentence in light of *Johnson* [Doc. 36].

## II. ANALYSIS

Petitioner's argument that he no longer possesses predicate offenses sufficient to support categorization as an armed career criminal under the ACCA, career-offender under Section 4B1.1 of the United States Sentencing Guidelines, or an enhanced base offense level under Section 2K2.1(a) of the same fails because his PSR conclusively demonstrates that he was never subjected to any of these provisions [Docs. 17, 19, 23, 28, 35].[1]

To the extent that Petitioner complains that he received criminal history points for his prior conviction for attempted aggravated sexual battery, the *Johnson* decision is inapposite. That offense resulted in two criminal history points because it constituted a prior "sentence of

---

[1] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

2

imprisonment" under Section 4A1.1(b) of the United States Sentencing Guidelines, not because it was a "crime of violence" under the ACCA residual clause or similarly-worded provision.

## III. CONCLUSION

For the reasons discussed, Petitioner's § 2255 motion [Doc. 40] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas A. Varlan
    CHIEF UNITED STATES DISTRICT JUDGE